K. Penney SANDERS; Francis Thiemann; Victoria Banville; Robert Stadelman; December Farm, LLC, Plaintiffs–Appellants,

v.

REPUBLIC SERVICES OF KENTUCKY, LLC; Trimble County Fiscal Court, Defendants–Appellees.

No. 02–6055.

United States Court of Appeals, Sixth Circuit.

Aug. 31, 2004.

Phillip J. Shepherd, Phillip J. Shepherd, Attorney at Law, Frankfort, KY, Thomas E. Clay, Clay, Kenealy, Wagner, Adams & Hall, Louisville, KY, for Plaintiffs–Appellants.

Laurence J. Zielke, Ilam E. Smith, Pedley, Zielke, Gordinier & Pence, C. Thomas Hectus, Randall S. Strause, Hectus & Strause, Louisville, KY, for Defendants–Appellees.

Before BATCHELDER, GIBBONS and COOK, Circuit Judges.

BATCHELDER, Circuit Judge.

Plaintiffs K. Penney Sanders, Francis Theimann, Victoria Banville, Robert Stadelman, and December Farm, LLC, appeal from the district court's order dismissing for lack of standing their 42 U.S.C. § 1983

action to enforce their interpretation of the Agreed Judgment entered in the case of *Valley View Landfill, Inc. v. Natural Resources and Environmental Protection Cabinet,* No. 87–72 (E.D.Ky, Nov. 1, 1990). We AFFIRM.

## I.

Defendant Republic Services of Kentucky, LLC ("Republic") is the owner and operator of the Valley View Landfill in Trimble County, Kentucky. Republic's predecessor-in-interest, Valley View Landfill, Inc., brought a federal lawsuit in 1987, seeking an injunction against the Natural Resources and Environmental Protection Cabinet of Kentucky ("NREPC") to prohibit NREPC from interfering with Republic's acceptance of out-of-state garbage, and challenging the validity of various regulations affecting the permit applicable to the landfill. Valley View also challenged the application of local ordinances adopted by the Trimble County Fiscal Court ("Fiscal Court") and other local agencies. Appellants Sanders and Thiemann intervened in the 1987 case, asking the district court to abstain from adjudicating Valley View's claims on the grounds that the matters involved state interests. The district court did abstain from deciding a number of issues, including the validity of various state regulations. Valley View and the Fiscal Court entered settlement discussions, and those parties ultimately entered an Agreed Judgment filed in the district court on November 1, 1990. For reasons not apparent from the record, Sanders and Thiemann were not signatories to the judgment, which was executed only by representatives of the landfill company and the Fiscal Court.

The Section 1983 action before us here was brought by Sanders, Theimann, Banville, and Stadelman, who are the owners of property adjacent to the landfill.[1] They contend that pursuant to the Agreed Judgment, Republic may not expand certain areas within the landfill beyond a 1000–foot setback or buffer zone from such things as residences and streams not owned by the landfill. A less-stringent 250–foot setback applies to expansions that were pending or awaiting permits at the time of the Agreed Judgment. After Republic acquired the landfill in 1999, the company filed a notice of intent to apply for a permit for an expansion that would intrude upon the 1000–foot buffer zone. Republic and the Fiscal Court agreed that the 250–foot setback, rather than the 1000–foot setback, was applicable to the proposed expansion because future expansion of the landfill was "pending or anticipated" within the terms of the Agreed Judgment. The Fiscal Court then adopted (1) a host agreement providing that the 250–foot setback was applicable to the permit area of the facility established by the permit originally issued to Valley View; (2) an ordinance that codified the setback requirements found in the Agreed Judgment; and (3) a resolution stating that Republic's planned expansion was consistent with the "Trimble County Solid Waste Plan."

The plaintiffs brought this action in an attempt to enforce their interpretation of the Agreed Judgment. They claim that the defendants' interpretation is erroneous and wrongly denies neighboring landowners the benefit of the 1000–foot setback requirement. They also claim that the Fiscal Court's "arbitrary and unreasonable interpretation of the Agreed Judgment" violates their constitutional right to equal protection because other landowners with-

---

1. Plaintiff December Farm, LLC, is a Kentucky limited liability company owned by plaintiffs Victoria Banville and Robert Stadelman. December Farm's principal place of business is located on property owned by Banville and Stadelman.

in the county are protected by a 1000–foot setback requirement under local ordinances, but the plaintiffs are protected by only a 250–foot setback. According to Sanders and Thiemann, they accepted the Agreed Judgment in the earlier litigation only because it addressed their concerns regarding future expansion of the landfill, and if they had anticipated its current interpretation, they would have challenged it in the original action. The district court dismissed the suit because none of the plaintiffs was a party to the Agreed Judgment, and the plaintiffs therefore lack standing to enforce its terms.

## II.

■ We review · de novo a district court's decision to dismiss a case for lack of standing. *Courtney v. Smith,* 297 F.3d 455, 459 (6th Cir.2002). The district court, quoting the Plaintiffs' Response to Motion to Dismiss, noted that the plaintiffs themselves characterized their lawsuit as "an action for declaratory and injunctive relief to prevent the landfill from expanding in the future in violation of the Agreed Judgment." The Agreed Judgment is an agreement only between the Fiscal Court and Valley View and its parent company. The district court found that this action was merely an attempt by plaintiffs to enforce a judgment to which they are not parties, and correctly held that the plaintiffs lack standing to enforce their understanding of its terms.

The Supreme Court held in *Blue Chip Stamps v. Manor Drug Stores* that "a well-settled line of authority ... establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited [sic] by it." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 750, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Following *Blue Chip Stamps,* we have held that third parties, even intended third-party benefi-

ciaries, lack standing to enforce their interpretations of agreed judgments. "A consent decree 'is not enforceable ... by those who are not parties to it....' It 'may be challenged only on the ground that its substantive provisions unlawfully infringe upon the rights of the complainant.'" *Vogel v. City of Cincinnati,* 959 F.2d 594, 598 (6th Cir.1992) (citations omitted).

Sanders and Thiemann emphasize that they were parties to the original action, and they argue that they were "within the specific 'zone of interests' protected under the Agreed Judgment." The fact remains, however, that none of the plaintiffs in this action was a party to the Agreed Judgment. Nor is it relevant that they may fall within the zone of interests protected by the Judgment. "The plain language of *Blue Chip* indicates that even *intended* third-party beneficiaries of a consent decree lack standing to enforce its terms." *Aiken v. City of Memphis,* 37 F.3d 1155, 1168 (6th Cir.1994). It also is worth noting that the plain text of the Agreed Judgment itself reserves the right of enforcement solely to Valley View and its successors. The Judgment does not grant any rights of enforcement to, or even make any mention of, the plaintiffs in the present case. Under these circumstances, we must affirm the district court's dismissal of the case.

■ The plaintiffs also suggest that we should rely not on the cases cited above, but rather on a string of environmental cases including *Friends of the Earth v. Laidlaw,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); and *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). None of those cases adjudicated the issue of whether non-parties to an agreed judgment may enforce their interpretation of its terms in a Sec-

tion 1983 action. Unlike the plaintiffs in those cases, the plaintiffs here do not seek to bring an action under environmental protection statutes; rather, as strangers to an Agreed Judgment, they seek to enforce their interpretation of its terms. As the district court pointed out, "Plaintiff's suit, in their own words, 'is an action for declaratory and injunctive relief to prevent the landfill from expanding in the future in violation of the Agreed Judgment.'" The complaint reflects the accuracy of this characterization. Plaintiffs' characterization of parts of the complaint as "environmental claims" neither changes the nature of the complaint nor confers upon the plaintiffs standing to sue to enforce their interpretation of the 1990 Agreed Judgment.

The plaintiffs do not raise any constitutional claims under Section 1983 that are not wholly derivative of their attempt to enforce their interpretation of the Agreed Judgment. The plaintiffs vaguely assert that if Republic and the Fiscal Court are able to implement their "arbitrary and unreasonable interpretation of the Agreed Judgment," plaintiffs' due process rights and equal protection rights will somehow be violated. They also suggest that there is no rational basis for enforcing a 1000-foot setback requirement against all other landfills in Trimble County, but not against Valley View, and that this disparate treatment violates their rights.

The former claim relies upon the claim that the parties to the Agreed Judgment are applying it in an unreasonable manner. As we have previously noted, the plaintiffs lack standing to assert that claim. The latter claim is simply baseless. There is no similarly situated class of persons. Although other landowners in Trimble County are generally protected by a 1000-foot setback, those landowners are not affected by the Agreed Judgment. The plaintiffs themselves suggest that if the Fiscal Court had voted to reduce the buffer zone from 1000' to 250', there would be a rational basis for the reduction, and thus no equal protection violation. They do not explain why a vote by the Fiscal Court would be a sufficient basis for disparate treatment, but the enforcement of a consent decree would not. Indeed, this claim relies entirely on the claim that Republic is advancing an erroneous interpretation and relying on subterfuge in order to "obtain special treatment." Because plaintiffs lack standing to challenge the Fiscal Court's interpretation of the Agreed Judgment, they also lack standing to assert claims that derive from that interpretation.

Having concluded that the plaintiffs lack standing to bring this action to enforce their interpretation of the Agreed Judgment, we need not address Republic's arguments regarding abstention. For all of the foregoing reasons, we AFFIRM the judgment of the district court.